IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JAMES MCDONOUGH ) | |
| ) | |
| PLAINTIFF ) | |
| ) | |
| VS. ) | CASE NO: CV-2017- |
| ) | |
| AETNA LIFE INSURANCE COMPANY; ) | |
| UNIPRES ALABAMA, INC. ) | |
| ) | |
| DEFENDANTS ) | |

## COMPLAINT

1.  Plaintiff, **James McDonough**, is a resident citizen of Etowah County, Alabama and has been for all times material herein.

2.  McDonough is the beneficiary of long-term disability benefits (herein referred to as LTD) through a group policy insured by Aetna Life Insurance Company and issued to McDonough's former employer, Unipres Alabama, Inc.

3.  The defendant, **Aetna Life Insurance Company**, issued to Unipres Alabama, Inc., a policy of insurance providing for long-term disability insurance benefits for qualified employees of Unipres Alabama, Inc. Aetna Life Insurance Company is the group insurance policy owner.

4.  The defendant, **Unipres Alabama, Inc.**, is also the plan administrator of the long-term disability benefit program. Furthermore, Unipres Alabama, Inc., is identified in the LTD plan as being the agent of service of legal process.

5.  For all material herein, plaintiff was an employee of Unipres Alabama, Inc., and was an "eligible employee" as that term is contemplated under the terms and provisions of the LTD plan provided.

6. Both parties to this litigation, including the plaintiff, James McDonough, and the defendant, Aetna Life Insurance Company, are subject to the terms and provisions of the Employee Retirement Income Security Act, 29 USC §1001 et seq.

7. Plaintiff brings this claim pursuant to the provisions of ERISA (29 USC §1132), seeking payment of benefits retroactive to said date said benefits should have been paid with respect to long-term disability insurance benefits and in addition thereto, pre- and post-judgment interest, cost and attorney's fees.

8. Plaintiff had been confronting problems and complications associated with colon rectal cancer at least since 2013, and continuing. Plaintiff underwent surgical procedures on or about September 26, 2013, January 6, 2015, and most recently on February 16, 2016. and as a result, the plaintiff's last day of active employment with the defendant was January 29, 2016.

9. Following that date, the plaintiff did undergo additional surgical procedures and extensive and intensive medical care and treatment for a period of several months.

10. Plaintiff has never been able to return to work due to complications and problems that naturally evolved from the type of surgery that he had and weakness, fatigue and limitations that he has a result of said condition and resulting surgery.

11. At the current time, plaintiff is a disabled individual entitled to benefits of the LTD plan referenced above.

12. Specifically, plaintiff became disabled and is entitled to receive benefits because he cannot perform the material duties of his own occupational because of the illness described herein and his earning are less than 80 percent (and in fact, his earnings are nil) at the current time.

13. Plaintiff further alleges that given his medical condition and limitations associated with his medical condition plaintiff is unable to work at any reasonable occupation because of his illness and condition.

14. Plaintiff alleges that when he became disabled for work, his made an application for LTD benefits (Claim No: 13881593). The claim was initially evaluated and denied on or about the 14th day of August, 2016.

15. Plaintiff timely submitted an appeal of this denial and the claim was again reviewed.

16. On or about the 14th day of April, 2017, defendant Aetna upheld the original decision to deny said claim, thus exhausting plaintiff's administrative remedies and/or review rights.

17. Plaintiff alleges that the decision of the defendant denying plaintiff's application or request for LTD benefits is without support of the substantial evidence in the record. It is inconsistent with the terms and provisions of the summary plan document and/or the plan description. It is long ab initio and/or arbitrary and capricious. Therefore, the defendant's decision to deny said claim is due to be reversed or otherwise set aside.

18. In addition, plaintiff alleges that the benefit to be paid to the plaintiff, or others similarly situated, are paid from the financial resources for which the defendant, Aetna Life Insurance Company, has a substantive and/or substantial financial interest. Therefore, Aetna is a conflicted decisionmaker.

19. Plaintiff independently alleges that under the terms and provisions of the Employee Income Security Act, the defendant Aetna Life Insurance Company is a conflicted decisionmaker.

20. Plaintiff alleges that the conflict confronting the defendant and its decisionmakers, the decisions made by the defendant and its decisionmakers enjoy no deference and in fact, are subject to *de novo* review or otherwise a heightened level of scrutiny.

21. Plaintiff further alleges that the standard and/or test applied by the defendant to determine plaintiff's eligibility for benefits under the "own occupation" standard was erroneously applied and/or otherwise is without support in the summary plan description and/or the plan documents and is therefore, without justification irrespective of whether the standard of review is *de novo*, heightened scrutiny and/or arbitrary and capricious.

22. Plaintiff alleges that he has and continues to meet the definition of disability for his own occupation or any occupation as that definition is explained by the schedule of benefits in the plan description issued by the defendant.

23. Plaintiff alleges that the defendant, through its review procedure, failed to objectively and appropriately consider the substantive evidence of record. The defendant failed to fairly and/or otherwise reasonably submit the plaintiff's evidence to a fair and appropriate review.

24. Plaintiff further alleges that the defendant's decision to deny benefits to the plaintiff constitutes an erroneous, negligent, arbitrary and capricious act which is actual under the terms and provisions of ERISA.

25. Plaintiff alleges that the process engaged by the defendant does not satisfy the standards established by the defendant to make a full, fair and/or objective review appropriately and fairly applying the evidence offered and/or available and/or submitted to the standards established by the summary plan description and/or plan document.

26. Plaintiff specifically alleges that he is entitled to LTD benefits consistent with the appropriate benefit level upon computation? of his eligible wages for a period of at least two years (his own occupation standard of review) and beyond.

27. Prior to the filing of this litigation, plaintiff, James McDonough, notified the defendant that Donald R. Rhea and the Law Firm of Rhea, Boyd & Rhea, 930 Forrest Avenue, Gadsden, Alabama 35901, is or would be authorized to prosecute this claim on his behalf.

WHEREFORE, PREMISES CONSIDERED, plaintiff prays that upon consideration of the evidence herein that the Court will deem the plaintiff to be entitled to the benefits available to him under the long-term disability plan and all other benefits available to him pursuant to the terms and provisions of the Employee Retirement Security Act, including costs, attorney's fees, pre- and post-judgment interest, equitable and other legal relief.

Plaintiff prays for such other, further and different relief he is entitled to receive in the premises.

/s/ DONALD R. RHEA
Attorney for Plaintiff

OF COUNSEL:

**RHEA, BOYD & RHEA**
930 Forrest Avenue
Gadsden, AL 35901
(256) 547-6801

**SERVE DEFENDANT:**