FILED
2017 Jun-26 AM 11:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **JAMES MCDONOUGH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:17-CV-0785-VEH |
| | ) |
| **AETNA LIFE INSURANCE COMPANY,** | ) |
| | ) |
| Defendant. | ) |

## PRO TANTO DISMISSAL ORDER

Pending before the court is Plaintiff's Unopposed Motion To Dismiss (Doc. 11) (the "Motion") filed on June 21, 2017. Without citing to any procedural rule the Motion indicates that, in light of information provided by counsel for Defendants, Plaintiff's counsel seeks to dismiss Defendant Unipres Alabama, Inc. ("Unipres"). (Doc. 11 at 1).

As Unipres has not yet answered or moved for summary judgment, the court treats this Motion as a notice of voluntary pro tanto dismissal filed by Plaintiff pursuant to FED. R. CIV. P. 41(a)(1)(A)(i).[1] Consistent with the self-effectuating terms

---

[1] FED. R. CIV. P. 41(a)(1)(A)(ii) cannot apply, because Defendant Aetna Life Insurance Company ("Aetna") has appeared in this lawsuit (Docs. 8, 9), but has not signed the Motion.

of the Motion,[2] this case is **HEREBY DISMISSED WITHOUT PREJUDICE**[3] with respect to any claim asserted by Plaintiff against Unipres (only).[4] Plaintiff's case remains pending against Aetna.

Additionally, all future pleadings or other filings shall use the case style set forth above.

**DONE** and **ORDERED** this 26th day of June, 2017.

　　　　　　　　　　　　　　　　　　　　　／s／ Hopkins
　　　　　　　　　　　　　　　　　　　　**VIRGINIA EMERSON HOPKINS**
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] The Eleventh Circuit has concluded that "a notice of dismissal [when appropriately made] under Rule 41(a)(1)(A)(i) 'is effective immediately upon filing[.]'" *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277 (11th Cir. 2012) (quoting *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam)).

[3] "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." FED. R. CIV. P. 41(a)(1)(B). Here, the Motion does not state otherwise, so the default of a "without prejudice" dismissal applies.

[4] Despite the self-effectuating legal nature of a Rule 41(a) voluntary dismissal by a plaintiff, the clerk's office of this court routinely requires a written order to "administratively" terminate a party on CM/ECF.